## JOHN JACKSON *versus* NATHAN HALL.

In assumpsit, the defendant, under the provisions of *St.* 1793, *c.* 75, § 4, filed a set-off, which merely stated, that the plaintiff was indebted to the defendant for " the amount of account *due as per books*, $ 10,000." It was *held*, that this was a sufficient " account," w thin the meaning of the statute, the object of such account being only to put on record notice to the plaintiff, that the defendant intends to avail himself of such set-off; and that if the plaintiff is at a loss to understand from the set-off, what demands the defendant intends to offer in evidence, he may have specific information by a bill of particulars.

In the same action, the defendant, upon being required by the plaintiff, filed a bill of particulars of such set-off, among the items of which were three promissory notes of the plaintiff. It was *held*, that the defendant was limited by the words of the set-off, to such demands as were entered in his books, and that, as these notes were not shown to be so entered, evidence of them was inadmissible in set-off.

Where a defendant, upon being required by the plaintiff, filed a bill of particulars of his account in set-off, and the plaintiff allowed it to be filed, and the evidence on the part of the defendant to be taken, without making any objection, it was *held*, that he was not thereby precluded from objecting at the trial to the admission of proof of claims specified in the bill of particulars, but which were not embraced by the account filed in set-off.

ASSUMPSIT. The writ was dated September 5, 1832. The declaration contained four counts on promissory notes, and a count for money had and received.

On September 25, 1832, the defendant filed in the clerk's office of the Court of Common Pleas, a term of which court commenced on October 2, next ensuing, a set-off in the following words : —

" Mr. John Jackson to Nathan Hall, Dr.
1832, September 25. To the amount of account due *as per books* - - - - - - $ 10,000."

The defendant, on January 15, 1833, during the term of this Court in which the action was tried, upon being required by the plaintiff, had filed a bill of particulars of the set-off. The bill of particulars consisted of several items of large sums of money paid by the defendant for the use of the plaintiff, in December, 1831, amounting to $ 2676·67, and of three promissory notes made by the plaintiff to the defendant, one dated April 21, 1828, for 40 dollars, another dated April 23, 1829, for 100 dollars and interest, and the third, dated February 1, 1831, for 100 dollars.

The defendant pleaded the general issue, which was joined

Jackson
v.
Hall.

At the trial, before *Wilde* J., the plaintiff objected to the original set-off as uncertain and imperfect, and as not being a sufficient " account " of the demands of the defendant, within the meaning of *St.* 1793, *c.* 75, § 4. He objected to the bill of particulars, as being composed of items which could not be comprehended in the terms of the original set-off, even if that set-off should be adjudged sufficient. He also objected to the defendant's evidence, because the items to be proved were not shown to be in or due by the books of the defendant.

These objections being reserved for the consideration of the whole Court, the defendant was permitted by the judge to proceed and offer evidence in support of the items in the bill of particulars. In the course of the trial the defendant was called on by the plaintiff to produce his books ; but he did not comply with this demand.

The jury found a verdict for the defendant. The plaintiff moved for judgment, *non obstante veredicto* ; or for a new trial, because of this ruling of the judge, and because the verdict was against the evidence.

The case was argued in writing.

*Bartlett* for the plaintiff. The original set-off is wholly insufficient ; the plaintiff could not understand as much from the " account " filed in this case, as he could have done from the common counts. These specify at least the nature of the claim. But here the words of the original set-off might mean, either every thing that the defendant had chosen to put on his books during an indefinite period, whether properly the subject of book-charge or not, or they might mean such items as may be proved by the books and oath of the party. The word " account " in the statute was used in its popular sense, as signifying *bill of particulars* or *specification*, and the design of the statute was, that the plaintiff should have seven days' notice of the nature of the claims made by the defendant.

We contend that even if the original set-off was sufficient, yet that the bill of particulars *is not, on the face of it*, for the same cause of action. The items relating to promissory notes, cannot be comprehended in the words of the original set-off, even if they were in fact entered on the books ; and

no attempt was made by the defendant, in the course of the trial, to connect these charges with his books.

But if the bill of particulars could be filed under the original set-off, still the defendant was bound to produce his books at the trial, and to prove that the items were inserted therein. It might fairly be urged, that the defendant was confined by the terms of the original set-off, to such items as may be proved by the books and oath of the party ; but however that may be, it is manifest that he should be limited to charges entered on his books, otherwise the plaintiff is altogether without protection. The books, if produced, might have furnished an answer to these claims.

It is said that the plaintiff, by calling for a bill of particulars, not objecting to it when filed, permitting the defendant to take his evidence, and procuring evidence himself, waived all right to object either to the set-off or the bill of particulars. We answer, that if a set-off be, as is contended, in the nature of a declaration in a cross action, it is a new doctrine, that an exception to such declaration comes too late after the evidence is taken, or after the party has been called on for a bill of particulars. In this case, how and when could the question of the validity of this set-off be raised for the adjudication of the Court, except at the trial ? If it could only be raised at the trial, was the plaintiff bound to rest his case on that point only, without preparing himself in case the Court should decide it against him ? If then such preparation be not a waiver of the right to object, how could the plaintiff prepare himself without ascertaining from the defendant what he intended to prove under the words " amount of account due as per books " ? It is obvious, that after having obtained this explanation by a bill of particulars, the plaintiff could not have raised the objection that it was not for the same cause of action, except at the trial.

*Hoar* for the defendant.

SHAW C. J. delivered the opinion of the Court. Two objections were made to the account in set-off filed in this case, somewhat repugnant to each other ; of which one is, that the account in set-off is too general and gives the plaintiff no notice of the demands, actually relied on ; and the other.

that it was not general and broad enough in its terms to cover the actual demands embraced in the bill of particulars and of which proof was offered at the trial.

The first objection, we think, cannot be sustained. The object of the law in allowing a set-off, is to enable a party defendant not merely to give in evidence matter which goes to disprove the plaintiff's demand, or to prove payment or other matter in discharge, but to enable him to avail himself of independent demands which he has against the plaintiff, and which would be the proper subject of an action. But to avail himself of such cross demands, the statute requires, that he shall file an account of such demands, seven days before the time of trial. *St.* 1793, *c.* 75, § 4. The sole object of such "account" seems to be, to put on the record notice to the plaintiff, that the defendant intends to avail himself of such set-off. The account is in the nature of a declaration, and, like a declaration, may be expressed in the most general terms. There is no particular form, however, in which such account is required to be stated. The doctrine of set-off is founded on the broadest principles of equity, tending to prevent circuity of action, and to settle various controversies in one suit. The Court therefore would be cautious about excluding an account in set-off for generality, because if a plaintiff is really at a loss to understand what demands the defendant intends to offer, and wishes for more specific information he may have it by the aid of a bill of particulars.

But the real difficulty in this case, is of an opposite kind, namely, that the account in set-off, general as it is, does not embrace the demands given in evidence under it.

I have said, that the account is like a declaration, except that no particular form is required. Let us compare them in this respect. A declaration may be extremely general, as for money had and received, paid, lent and advanced, and for goods sold ; but on such a declaration the plaintiff could not offer evidence of a bond, judgment or other specialty, or for services done. Here, we think, the demands offered are excluded by the description in the account. The account is, " amount of account *due as per books.*" These last words cannot be excluded as surplusage ; they are part of the de-

scription and limit it to demands, in some way or other contained in the defendant's books. Perhaps it would be too much to hold, that it is to be confined to charges proveable by books, or to cash, merchandise or services usually charged on books, and commonly known as book accounts ; and if it had been the usage of the parties, in their dealings, to charge or otherwise enter their notes on book, the description might have been sufficient to embrace them. But the books, though called for, were not produced, and it was not suggested for the defendant, that the notes offered were entered on his books. We are, therefore, of opinion, that these demands ought not to have been admitted to proof, under this account, and that there must be a new trial.

But it is said that by receiving the bill of particulars without objection, the plaintiff waived the objection now made. Had the objection been to the sufficiency of the bill of particulars, there would be great force in the argument ; it would, I think, be decisive. But the objection is, that whether specified in the bill of particulars or not, the defendant offered evidence of claims, which he had not put upon the record. To refer again to the analogy between an account in set-off and a declaration. The plaintiff has a single count, for money had and received, the defendant requires a bill of particulars, and the plaintiff files one including charges for goods sold and services done. Will he be allowed to prove these demands under that count on the ground that the defendant should have excepted to his bill of particulars, and not doing so, will he be deemed to have waived his right to object to proof of these demands on the trial ? The objection is founded upon the maxim, which lies at the foundation of all judicial proceedings, that a party's *allegata* and *probata* must correspond ; the want of this conformity goes to the merits, and the time for making the objection is at the trial.

*New trial granted.*